UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: WELLS FARGO MORTGAGE
MODIFICATION LITIGATION                                                         MDL No. 2932


ORDER DENYING TRANSFER


**Before the Panel**:* Plaintiffs in the Eastern District of Washington action listed on Schedule A move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California or, alternatively, the Eastern District of Washington. The motion encompasses eight actions pending in seven districts, as listed on Schedule A.[1]

Plaintiff in the Western District of Pennsylvania action joins the motion. Plaintiffs in two actions pending in the Eastern District of Kentucky and the Southern District of Ohio suggest centralization in the Southern District of Ohio and, in their reply, movants state they do not oppose centralization in that district. Plaintiffs in the Northern District of California *Hernandez* action oppose centralization or, alternatively, suggest exclusion of *Hernandez* from pretrial proceedings. Defendant Wells Fargo Bank, N.A. (Wells Fargo), opposes centralization or, alternatively, suggests centralization in the Southern District of Iowa.

After considering the arguments of counsel,[2] we will deny the motion. These actions involve common questions of fact concerning an alleged error in mortgage modification software that Wells Fargo used to determine borrower eligibility for loan modifications. The question of centralization presents a close call, but on balance, we are not persuaded that Section 1407 centralization is necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation at this time.

This litigation involves ten actions pending in nine districts, and five assert at least somewhat

---

\*          Judge Karen K. Caldwell and Judge David C. Norton took no part in the decision of this matter.

[1]          The Panel has been notified of two potentially-related actions pending in the District of District of Columbia and the Northern District of Georgia.

[2]          In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel considered without oral argument all matters considered at its hearing session of March 26, 2020, pursuant to Panel Rule 11.1(c). *See* Order Dispensing with Oral Argument in All Dockets, MDL No. 2932 (J.P.M.L. Mar. 12, 2020), ECF No. 39.

overlapping classes of borrowers. The Northern District of California *Hernandez* action is far more advanced than any other, with discovery largely complete, a nationwide class certified, a motion for partial summary judgment pending, and until recently, a trial on the horizon.[3] After the Panel's hearing session, on March 27, 2020, the *Hernandez* parties informed the Northern District of California that they had reached a proposed settlement for the certified class,[4] and they intend to move for preliminary approval in less than a week. Centralization at this time could delay a class settlement in the most advanced action in this litigation and result in little or no benefit to the class members and other parties. *See, e.g., In re Wells Fargo Fraudulent Account Opening Litig.*, 282 F. Supp. 3d 1360, 1361 (J.P.M.L. 2017). Four of the other actions before us are brought on behalf of putative classes of borrowers affected by the alleged software error. While the class certified in *Hernandez* does not completely overlap with these other putative classes, the proposed class settlement may resolve at least some claims in this litigation if plaintiffs choose to participate in the settlement. We, therefore, cannot speculate what claims would remain after completion of a class settlement.

Furthermore, there are alternatives to centralization available to minimize any overlap in pretrial proceedings, including informal cooperation and coordination of all actions, or other cooperative arrangements, such as a stay of the other cases while the settlement in *Hernandez* proceeds. *See In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) ("centralization under Section 1407 should be the last solution after considered review of all other options"). Wells Fargo and plaintiffs in six actions each are represented by common counsel, suggesting that informal coordination is feasible. Notably, discovery from the *Hernandez* action can be made available to plaintiffs in the other actions.

If alternatives to Section 1407 centralization prove to be unsuccessful, it may be that a more persuasive case for centralization could be made. But on the facts now before us, we are not persuaded that the possible benefits of centralization outweigh its potential to interfere with the resolution of some claims in this litigation.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

---

[3] A trial in *Hernandez* had been scheduled for May 2020, but the presiding judge vacated the trial date and stated a trial would take place this summer.

[4] The class certified in *Hernandez* includes: "All persons in the United States who between 2010 and 2018 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo due to excessive attorney's fees being included in the loan modification decisioning process; and (iii) whose home Wells Fargo sold in foreclosure." Order re Mot. for Class Cert., *Hernandez v. Wells Fargo Bank, N.A.*, C.A. No. 3:18-cv-07354, ECF No. 217, at p. 4 (N.D. Cal. Jan. 29, 2020).

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Ellen Segal Huvelle
Acting Chair

R. David Proctor          Catherine D. Perry
Nathaniel M. Gorton       Matthew F. Kennelly

**IN RE: WELLS FARGO MORTGAGE
MODIFICATION LITIGATION** MDL No. 2932

## SCHEDULE A

<u>Northern District of California</u>

HERNANDEZ v. WELLS FARGO BANK, N.A., C.A. No. 3:18-07354

<u>Eastern District of Kentucky</u>

WEST, ET AL. v. WELLS FARGO BANK, N.A., C.A. No. 5:19-00286

<u>District of New Jersey</u>

VAN BRUNT v. WELLS FARGO BANK, N.A., C.A. No. 3:19-00170
DUNCAN v. WELLS FARGO BANK, N.A., C.A. No. 3:19-00172

<u>Southern District of New York</u>

LIGUORI, JR., ET AL. v. WELLS FARGO BANK, N.A., C.A. No. 7:19-10677

<u>Southern District of Ohio</u>

RYDER, ET AL. v. WELLS FARGO BANK N.A., C.A. No. 1:19-00638

<u>Western District of Pennsylvania</u>

DORE v. WELLS FARGO BANK, C.A. No. 2:19-01601

<u>Eastern District of Washington</u>

COORDES, ET AL. v. WELLS FARGO BANK NA, C.A. No. 2:19-00052